IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERCOLE A. MIRARCHI,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 25-CV-6922 |
| JOHN G. ROBERTS, JR., *et al.*,<br>    Defendants. | :<br>:<br>: |

### MEMORANDUM

**SCHMEHL, J.** - */s/ JLS*                                                                              **JANUARY 9, 2026**

Plaintiff Ercole A. Mirarchi, a self-represented litigant, filed this civil rights action against all nine active United States Supreme Court Justices, alleging that an act of treason has occurred with respect to recent Pennsylvania Elections. He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mirarchi leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice because it is frivolous.

**I.    FACTUAL ALLEGATIONS**

Mirarchi names as Defendants Chief Justice John G. Roberts, Jr., and Associate Justices Clarence Thomas, Samuel A. Alito, Jr., Sonia Sotomayor, Elena Kagan, Neil M. Gorsuch, Brett M. Kavanaugh, Amy Coney Barrett, and Ketanji Brown Jackson. (Compl. (ECF No. 1) at 2.)[1] He asserts that the following federal criminal statutes are at issue: (1) 18 U.S.C. § 2381 - Treason; (2) 18 U.S.C. § 2382 - Misprision of treason; (3) 18 U.S.C. § 2383 - Rebellion or insurrection; (4) 18 U.S.C. § 2384 - Seditious conspiracy; (5) 18 U.S.C. § 2385 - Advocating overthrow of Government; and (6) 18 U.S.C. § 2387 - Activities affecting armed forces generally. (*Id.* at 2-3.) Mirarchi avers that 5 C.F.R. § 2635.101(a)(b)(12) requires "each and

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

every employee of the United States . . . to follow and abide by duties or obligations" set forth in local, state, and federal law. (*Id.* at 3-4.) He contends that this federal regulation, in conjunction with 18 U.S.C. § 2382, requires the United States Supreme Court Justices to "accept, review, and address the evidence of treason" detailed in his Complaint. (*Id.* at 5-6, 44.)

Mirarchi avers that as "a citizen owing allegiance to the U.S.," he provided "**incontrovertible evidence** of treason" to the Justices proving that "the mechanics of PA and U.S. election systems are covertly being attacked and manipulated to handpick the winners of those holding high government offices," but the Justices have responded that they cannot help him. (*Id.* at 6 (emphasis in original).) He contends that the outcomes in several of Pennsylvania's recent elections are a "result of a vote configuration scheme, and not a result of an organic count of votes cast by PA Citizens." (*Id.* at 39.) Mirarchi claims that by his mathematical examination of voter data, he has proved and made known to the Justices that "treason . . . is covertly being perpetrated by a yet to be identified network of conspirators, (possible) foreign and domestic collaborators, and insurrectionists," who have "handpicked the winners" of several elections. (*Id.* at 44.) Mirarchi alleges that he and all citizens of the Commonwealth of Pennsylvania have sustained injuries from the "treasonous acts," and he requests a "special hearing" to determine damages. (*Id.* at 44, 57.)

This is not Mirarchi's first case asserting treasonous acts based on Pennsylvania elections. In April 2023, Mirarchi commenced an action in this Court against the executive branches of the United States and the Commonwealth of Pennsylvania, a United States senator, the Securities and Exchange Commission, the Central Intelligence Agency, Cable News Network, and several other governmental and non-governmental entities, alleging that "an act of treason has occurred with respect to 'Pennsylvania's 2020 Presidential and 2022 Governor and US Senate Elections.'" *Mirarchi v. United States Exec. Branch of Gov't*, No. 23-1549, 2023 WL

2

5598454, at *1 (E.D. Pa. Aug. 29, 2023). In that case, Mirarchi invoked 18 U.S.C. § 2382 and several other federal criminal statutes, asserting that defendants and other actors had covered up a "'falsified records crime' that that was allowed to go unpunished and unaddressed by the courts and other authorities, resulting in an attack against 'the mechanics of our Elections System' and a 'literal takeover of the highest offices in our State, and in our Nation, against the will of the People.'" (*Id.* at *2.) On August 29, 2023, the Court dismissed Mirarchi's case as frivolous pursuant to § 1915(e)(2)(B)(i) because the criminal statutes he invoked did not create a private cause of action, the Court did not have authority to order any law enforcement agencies or prosecutors to initiate investigations or prosecutions, and because Mirarchi's "general grievances about government" were insufficient to state a case or controversy over which the Court could exercise jurisdiction. (*Id.* at *3-4.) Mirarchi appealed, and the United States Court of Appeals for the Third Circuit affirmed the frivolity dismissal on November 27, 2023. *See Mirarchi v. United States Exec. Branch of the Gov't*, No. 23-2673, 2023 WL 8179275, at *2 (3d Cir. Nov. 27, 2023) (*per curiam*).

## II.    STANDARD OF REVIEW

The Court will grant Mirarchi leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Mirarchi is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v.*

*Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.    DISCUSSION

Mirarchi's Complaint, even when liberally construed, is frivolous and fails to state a legal basis for any claim within the Court's jurisdiction.  As in his prior case, Mirarchi asserts claims for treason pursuant to 18 U.S.C. §§ 2381-2385 and 2387, but he has been informed that these federal criminal statutes do not create a private right of action and cannot be relied upon by a civil plaintiff to state a claim for relief.  *Mirarchi*, 2023 WL 5598454, at *3 (citing *Barrett v. Biden*, No. 22-2823, 2022 WL 16528195, at *2 (D.D.C. Oct. 25, 2022); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) (no private right of action in a bare criminal statute); *Quinn v. Robinson*, 783 F.2d 776, 793-94 (9th Cir. 1986) ("These offenses, which include treason, sedition, and espionage . . . do not violate the private rights of individuals[.]"), *cert. denied*, 479 U.S. 882 (1986); *Noone v. Town of Palmer*, 2 F. Supp. 3d 1, 11 (D. Mass 2014) ("18 U.S.C. § 2381 is a criminal statute which does not provide a private right of action."); *Cassaday v. Trump*, No. 22-682, 2022 WL 3082464, at *4 (W.D. Mich. Aug. 3, 2022) (holding that "political offenses," such as treason, are perpetrated directly against the state and do not intend to cause private injury) (quoting *Ordinola v. Hackman*, 478 F.3d 588, 596 (4th Cir. 2007)); *Doe v. FBI*, No. 18-0707, 2019 WL 280268, at *4 (D. Md. Jan. 22, 2019) (finding that, where plaintiff's allegations were "tantamount to an act of war against the government, and that [d]efendants [had] therefore committed treason in violation of Article III, Section III of the United States Constitution" . . . [b]ecause "[t]reason is best understood as a crime committed against the United States . . . no private right of action exists that would allow an individual plaintiff to pursue" a claim of treason against the government) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 560 (2004)); *Taylor v. Virginia*, No. 15-429, 2015 WL 13050092, at *1 (E.D. Va. Oct.

27, 2015)); *Corrado v. New York Off. of Temporary*, No. 15-7316, 2016 WL 3181128, at *5 (E.D.N.Y. Jun. 2, 2016) (finding that there is no private right of action under 18 U.S.C. § 2381) (citing *Nguyen v. Ridgewood Sav. Bank*, No. 14-1058, 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015)); *Shaughnessy v. New York*, 2014 WL 457947, at *7 (N.D.N.Y. Feb. 4, 2014) (finding that treason is "always prosecuted by the Federal Government, not by private complaints[,]" and that "there is no private right of action for the crime.") (citing *Hill v. DiDio*, 191 F. App'x 13, 14-15 (2d Cir. 2006); *Carvel v. Ross*, No. 09-722, 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011)); *Vinh Hung Lam v. Citigroup, Inc.*, No. 08-4317, 2008 WL 11343432, at *2 (C.D. Cal. Aug. 18, 2008) (finding that plaintiff failed to state a civil claim because "[t]he United States Code makes treason a crime[,]" and that 18 U.S.C. § 2381 "can be enforced only by the proper authorities of the United States government, such as United States attorneys.") (citing 28 U.S.C. § 547))). Accordingly, these claims are frivolous.

Mirarchi was also informed that he cannot compel a criminal investigation by filing a complaint with this Court because the United States District Courts have no authority to order any law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Mirarchi*, 2023 WL 5598454, at *3 (citing *Wagner v. United States Gov't*, No. 23-1626, 2023 WL 3948820, at *1 (D.D.C. June 9, 2023); *Otero v. U.S. Attorney General*, 832 F.2d 141, 141-42 (11th Cir. 1987); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)). This is because "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Wagner,* 2023 WL 3948820, at *1 (quoting *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil

5

rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties"). His claims are frivolous for this reason as well.

Finally, as Mirarchi was previously advised, Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. *Mirarchi*, 2023 WL 5598454, at *3 (citing *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008)). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Sprint Commc'ns Co., L.P.*, 554 U.S. at 273. "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted). Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct. *Id.* Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (explaining that the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").

Mirarchi is again attempting to address general grievances about government, and he has not stated a case or controversy over which this Court has jurisdiction. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (*per curiam*) ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." (quotations omitted)).


## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mirarchi leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. Mirarchi will not be granted leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Additionally, Mirarchi is placed on notice that if he continues to file meritless lawsuits in this Court based on the same subject matter, he may be subjected to an injunction that limits his ability to file cases in the future. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process."). An appropriate Order dismissing this case and Mirarchi's outstanding motion will be entered separately. *See* Fed. R. Civ. P. 58(a).

<div style="text-align: right">

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

</div>